[No. 10685. Department Two. February 19, 1913.]

MARIE D. METZ, *Respondent*, v. POSTAL TELEGRAPH CABLE COMPANY, *Appellant*, WASHINGTON WATER POWER COMPANY, *Defendant*.[1]

ELECTRICITY—NEGLIGENCE—EVIDENCE—SUFFICIENCY. It is negligence on the part of a telegraph company for its employees in making repairs to cause a break in the lines and contact with high tension wires of a power company, the wires dropping to the ground and coming in contact with a wire fence, and to go away and leave it in its dangerous condition without notifying persons in the vicinity.

SAME—NEGLIGENCE—PROXIMATE CAUSE OF ACCIDENT. In such case, the telegraph company in not relieved of liability by the fact that the power company, after notice of trouble, through its automatic circuit breaker, turned on the current at intervals, according to the usual custom, in order to locate the trouble, where the telegraph company did not notify it of the actual trouble and should have anticipated the action of the power company.

APPEAL AND ERROR—HARMLESS ERROR—NOT AFFECTING APPELLANT. In an action for damages by reason of negligence, against two joint tort feasors, jointly and severally liable, error in granting a nonsuit as to one is not error of which the other can complain.

Appeal from a judgment of the superior court for Spokane county, Yakey, J., entered February 23, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained through contact with an electric current. Affirmed.

*Morrill, Chester & Skuse*, for appellant.

*Lloyd E. Gandy* and *Fred J. Cunningham*, for respondent.

[1]Reported in 130 Pac. 343.

FULLERTON, J.—The respondent was injured by coming in contact with an electric current escaping from the wires of the defendant Washington Water Power Company, due to a break in such wire caused by the appellant Postal Telegraph Cable Company, and brought this action against both companies to recover therefor. On the trial, at the conclusion of the respondent's case in chief, the court sustained a challenge to the sufficiency of the evidence interposed by the Washington Water Power Company, and granted a judgment in its favor. The trial was then continued against the Postal Telegraph Cable Company, and resulted in a verdict against it and in favor of the respondent in the sum of $2,500. From the judgment entered on the verdict, the Postal Telegraph Cable Company appeals.

The facts are not seriously in dispute. The defendant Washington Water Power Company owns and operates an electric railway running between the cities of Spokane and Cheney, in Spokane county. The electric current for operating its cars is carried on a high tension wire suspended above the railway track from projecting arms fastened to poles set alongside the track. The appellant, Postal Telegraph Cable Company, maintains a system of telegraph wires between the cities named. Its wires follow the common highways and are suspended from poles set along the margin of the highway. At a point called Reitmeier Station, the highway crosses the railway track, and at that place the telegraph wires cross the track and high tension wire of the railway company some few feet above the wire. It seems that the guards intended to keep the telegraph wires from coming into contact with the railway high tension wire got out of repair at this crossing and the appellant sent certain of its employees to readjust it. In the performance of the work the employees allowed a rope to come into contact with the high tension wire. The rope in some manner formed a point of resistance to, or short circuited, the electric current, causing the wire to burn and sever at the point of contact. The re-

spondent lived at the home of her brother-in-law a short distance from the road crossing. The home was inclosed with a wire fence. The ends of the high tension wire, after the severance, dropped to the ground, and one end came into contact with the wire fence, charging the wires composing the fence with electricity. This caused a fire to break out in a pine tree to which the wire fence was fastened, and the respondent seeing the fire, sought to quench it by throwing a bucket of water thereon. In doing so she came into contact with the electric current, receiving a severe shock and some painful burns, causing the injuries for which she sues.

The employees of the appellant, after breaking the high tension wire, did not notify any one of the break or of the dangerous condition in which it was left, not even their home office, but immediately gathered up their working tools and left the place. The fact that there was "trouble" on the high tension wire was made known at a power station of the power company shortly after the severance of the wire, by means of an appliance known as a "circuit breaker," which automatically shut off the electric current from the wire. It did not, however, make known the precise nature of the trouble, and to ascertain whether it was of a permanent or temporary nature, the company turned the current back onto the wire three distinct times at intervals of practically twenty minutes each, letting it remain there until the circuit breaker would again cut it off; periods of time ranging from five to seven seconds.

As grounds for reversal, the appellant urges that the court erred in denying its motion for a nonsuit, and sustaining a like motion on the part of its codefendant, The Washington Water Power Company. But we think it manifest there was no error in the ruling of the court, in so far as it related to the motion of the appellant. It was negligence on the part of the appellant's employees to cause the line to break in the first instance, and gross negligence to go away and leave it in its dangerous condition; especially as they failed to

notify either their employer or the railway company of the
fact of the break, or to notify the persons living in the vicin-
ity of the place of the break the dangers likely to be en-
countered because thereof.  As an employer is liable to third
persons for injuries caused by the negligent acts of his em-
ployees, so the appellant is in this instance responsible to the
respondent for her injuries, if the negligence of its employees
was the proximate cause thereof.

The appellant contends, however, that the negligence of
its employees was not the proximate cause of the injury to the
respondent, but that such proximate cause was the turning
back of the electric current onto the line by the power com-
pany after it had been shut off by the automatic circuit
breaker.  And it argues that for this act the power company
was alone responsible; that it turned the current on after it
had knowledge of trouble on the line, and of the dangers
likely to be caused thereby, and must be held to have as-
sumed the risk of all such dangers.  But the contention is
not tenable.  Since the appellant originated the trouble, it
owed a primary duty to notify the power company thereof.
This it did not do, and hence is responsible to third persons
for any injury caused by this neglect of duty, and we think
it too much to assume that the power company would have
turned the current back onto the line had it known of the
actual conditions.  Again, the evidence tended to show that
the power company in turning the electric current back
onto the line in the manner in which it did turn it back acted
according to its usual custom in such cases; a custom also
common and usual with all companies transmitting power by
electricity.  This being so, the appellant was bound to take
notice of such custom and take such action as was within its
power to prevent injury thereby.  Moreover, we think that
the employees of the appellant as reasonably prudent per-
sons should have anticipated that the power company would
test out the line by turning the electric current back thereon
before making a search along its entire length to locate the

trouble, and that it was negligence on their part not to anticipate such a cause and guard against injury therefrom.

The second part of the objection, namely, that the court erred in granting a nonsuit in favor of the Washington Water Power Company, is not an error, if it be error at all, of which the appellant can avail itself. If the power company was guilty of negligence contributing to the injury of the respondent it was a joint tort feasor with the appellant, and both companies were liable, severally and jointly, to the respondent for the entire injury suffered by her. And this being true, the nonsuit of the power company gives the appellant no cause of complaint, however erroneous the order might be when viewed from the appellant's standpoint.

Errors are assigned on the instructions of the court to the jury, but as they merely suggest in a different form the questions already discussed, they require no separate consideration.

The judgment is affirmed.

MOUNT, MORRIS, MAIN, and ELLIS, JJ., concur.